**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2751-21

ROBERT J. TRIFFIN,

    Plaintiff-Appellant,

v.

3 GIGIONI, INC. and MARIO
DEMARCO,

    Defendants-Respondents,

and

FREDY RIVERA,

    Defendant.

_____

Argued October 12, 2023 – Decided December 18, 2023

Before Judges Gummer and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-006465-20.

Robert J. Triffin, appellant, argued the cause pro se.

Domenick Carmagnola argued the cause for respondents (Carmagnola & Ritardi, LLC, attorneys;

Domenick Carmagnola, of counsel and on the brief;
Stephanie Torres, on the brief).

PER CURIAM

Plaintiff Robert J. Triffin appeals from a March 17, 2022 order in which a judge, after conducting a bench trial, dismissed with prejudice the complaint as to defendants 3 Gigioni Inc. (Gigioni) and Mario DeMarco.[1] We affirm.

I.

We discern the facts from the record of the February 11, 2022 trial. Plaintiff and DeMarco testified. Plaintiff also called as a witness Jose Fernandez, the custodian of records of Friendly Check Cashing Corporation (Friendly), which has been licensed by the New Jersey Department of Banking and Insurance to cash checks for the general public since 1970.

In 2019, Gigioni, a restaurant business solely owned by DeMarco, employed Rivera as a line cook and used a payroll company, Paychex, Inc., to

---

[1] In the order, the judge entered default as to defendant Fredy Rivera, and plaintiff subsequently dismissed with prejudice his claim against Rivera. Given that default and dismissal, we refer to Gigioni and DeMarco collectively as "defendants." Plaintiff listed additional orders in his notice of appeal: an October 22, 2021 order denying his summary-judgment motion, a December 3, 2021 order denying defendants' summary-judgment motion, and a February 4, 2022 order denying defendants' motion for leave to file a third-party complaint. Plaintiff, however, did not address those orders in his brief. Accordingly, we deem his appeal of those orders abandoned. Thomas Makuch, LLC v. Twp. of Jackson, 476 N.J. Super. 169, 183 (App. Div. 2023).

A-2751-21

pay its employees.  On May 23, 2019, Paychex issued a check numbered 5526701431 from Citizens Bank in the amount of $859.72 to Rivera.  Plaintiff and defendants agree Rivera deposited the check in an account in a banking institution and also cashed the check with Friendly.  They also agree the check Friendly subsequently deposited was dishonored and returned to Friendly as a "Duplicate."

Defendants' copy of the check has a May 23, 2019 "Posting Date" and printed information confirming the "DIN/BOFD [Bank of First Deposit] Seq No,"[2] the account and check numbers, and the amount of the check; the back of the check has a signature and the printed phrase "For Deposit Only – JPMC." Fernandez described defendants' copy as "the check that was cashed remotely via the payee" and confirmed a signature appeared on the copy of the back of the check.  At trial, plaintiff objected to the admission of defendants' copy of the check and to testimony about it, citing 12 U.S.C. § 5003(b)(1) and (2).  Plaintiff's copy of the back of the check has a printed date of May 24, 2019, and stamps stating "For deposit only to Friendly CC Corp." and "For Deposit Only Friendly

_____

[2]  A "[d]epository bank . . . [a]lso known as [a] Bank of First Deposit (BOFD) . . . [is t]he first bank to which a check is transferred . . . ."  U.S. Fed. Fin. Insts. Examination Council, FFEIC Information Technology Examination Handbook, Retail Payment Systems, App. B: Glossary (June 2021);

Check Cashing Corp To the Account of . . . ." Plaintiff's copy of the front of the check is stamped "DUPLICATE" and states under the date of May 29, 2019, that the "RETURN REASON" was "DUPLICATE PRESENTMENT."

On September 16, 2019, plaintiff and Friendly entered an "assignment agreement" in which plaintiff purchased Friendly's rights in connection with certain specified checks, including Gigioni's check to Rivera. In the agreement, Friendly "warrant[ed] that at the time it cashed the referenced checks[,] it had no notice that the referenced checks had been dishonored" and "no notice of any defense . . . of any party to the payment of the referenced checks."

Plaintiff filed a complaint in which he asserted he had purchased all of Friendly's rights in what he described as "a dishonored check"; Friendly had cashed the check when it had no knowledge of any defenses by any party regarding the check; Friendly thereby became a holder in due course of the check pursuant to N.J.S.A. 12A:3-302; and because of the assignment, plaintiff had "the legal status of a holder in due course," entitling him to the amount of the check plus interest and other incurred costs. Plaintiff also asserted Gigioni's bank had dishonored the check "as a 'Stop Payment' item" and that, pursuant to

4

statute,[3] DeMarco had "warranted" to plaintiff that Gigioni would "pay its referenced dishonored check to [plaintiff] upon its dishonor." As "an alternative cause of action," plaintiff asserted Gigioni was unjustly enriched because it had "extinguished its indebtedness to defendant Rivera at the expense of Triffin's assignor" when it had claims against its bank for wrongfully accepting Rivera's electronic deposit of the check.

After considering the evidence and arguments the parties had presented at trial on February 11, 2022, the trial judge on March 16, 2022, placed a decision on the record and issued an order dismissing with prejudice plaintiff's complaint as to defendants and entering default against Rivera. The judge held plaintiff, as the assignee of a dishonored check, had a right to pursue payment pursuant to N.J.S.A 12A:3-308(b), but defendants had proved "by a preponderance of the evidence that the check was previously paid," thereby establishing a defense pursuant to N.J.S.A. 12A:3-305(a)(2). The judge determined the check had been electronically deposited before it was presented to Friendly, finding defendants' copy of the check had "demonstrate[d] that the funds were in fact paid" and

---

[3] Plaintiff cited N.J.S.A. 12A:3-314, a statute that does not exist. Plaintiff presumably meant N.J.S.A. 12A:3-414.

plaintiff's copy of the check "indicate[d] the check was returned . . . [as a] 'duplicate presentment.'"

On appeal, plaintiff concedes he "has no reason to dispute as a matter of fact[] Rivera's dishonored check was originally paid and subsequently returned to Triffin's assignor as a duplicate." Instead, he contends defendants did not satisfy the legal requirements to prove their defense because their copy of the check was "non-compliant" with 12 U.S.C. § 5003.[4] We disagree and, accordingly, affirm.

II.

We apply a deferential standard when reviewing factual findings made by a trial judge after a bench trial. Balducci v. Cige, 240 N.J. 574, 594-95 (2020). We "give deference to the trial court that heard the witnesses, sifted the competing evidence, and made reasoned conclusions." In re Bordentown, 471 N.J. Super. 196, 217 (App. Div. 2022) (quoting Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015)), certif. denied, 252 N.J. 533 (2023). We will accept a trial court's findings of fact unless the "findings are 'manifestly unsupported'

_____

[4] Plaintiff also contends "[n]o witness testimony, and no exhibits, were admitted into evidence at the March 16, 2022 bench trial . . . ." Although no one testified or presented evidence when the judge issued her decision on March 16, 2022, witnesses, including plaintiff, testified and exhibits were admitted into evidence during the February 11, 2022 trial.

by the 'reasonably credible evidence' in the record." Balducci, 240 N.J. at 595 (quoting Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011)). We review de novo a trial court's legal conclusions. Y.H. v. T.C., 475 N.J. Super. 107, 116 (App. Div. 2023).

Like his claim in Triffin v. SHS Group, LLC, 466 N.J. Super. 460, 467 (App. Div. 2020), certif. denied, 252 N.J. 191 (2022), plaintiff's claim in this case is based on N.J.S.A. 12A:3-414(b), which states: "[i]f an unaccepted draft is dishonored, the drawer is obliged to pay the draft according to its terms at the time it was issued . . . . The obligation is owed to a person entitled to enforce the draft . . . ." As he argued in SHS Group, 466 N.J. Super. at 467, plaintiff contends he is a "person entitled to enforce the draft" under N.J.S.A. 12A:3-414(b) because he is the assignee of the dishonored check at issue and, thus, is entitled to payment under N.J.S.A. 12A:3-308(b), "unless the defendant proves a defense or claim in recoupment." We held in SHS Group, 466 N.J. Super. at 467, "[p]revious payment of a draft is a defense to enforcement" of a check. Defendants assert Rivera deposited the check in a bank, cashed it with Friendly, and had it returned "because it had already been honored and paid." The judge concluded defendants had proved that defense at trial.

The judge based that finding on evidence similar to the evidence presented in SHS Group, which we held was sufficient to establish a previous-payment defense. Id. at 469. Like defendants, SHS Group asserted a previous-payment defense, specifically that the payee had electronically deposited a check, which SHS Group's bank paid "before the physical copy was presented for payment" to a check-cashing business. Id. at 463. The trial judge in SHS Group, like the trial judge in this case, found the defendant was not liable to plaintiff because it had established a previous-payment defense. Ibid.

> As the trial judge found, a comparison of the copies of SHS check number 1483 provided by each party conclusively demonstrate that defendant successfully proved its previously paid defense. Defendant's copy shows the check was deposited into [the payee's] Wells Fargo account on December 2, 2015. It also shows that on the same day, the check was electronically indorsed twice, first by Wells Fargo as the bank of first deposit, then by Bank of America as the payor bank. Defendant's Bank of America account statement for the relevant period indicates $1,431 was deducted in January . . . .
>
> Plaintiff's copy, on the other hand, is marked duplicate, lists "DUPLICATE PRESENTMENT" as the reason for return, and is indorsed by [the payee]. It is also marked with [the check-cashing business's] dated stamp indicating the check was received on December 2, 2015.
>
> The presence of [the payee's] indorsement, as well as [the check-cashing business's] dated stamp on

8

plaintiff's copy, prove the check was electronically deposited before it was cashed at the check-cashing business. [The payee] could not have indorsed, stamped, and relinquished the check, before she electronically deposited an unindorsed and unstamped version. The absence of the additional markings indicate the check must have been electronically deposited first. Further, the markings on plaintiff's copy identifying it as duplicate, compared to defendant's copy referencing the electronic indorsements and transfers by both banks, and defendant's bank statement showing $1,431 deducted from his account, clearly demonstrate the check was processed and paid as result of the electronic deposit.

[Id. at 469-70.]

Here, although the record does not include a copy of defendant's bank statement, the record contains sufficient evidence to support the judge's findings. A comparison of the copies of the check at issue provided by each party demonstrates, as the trial judge found, the check had been electronically deposited in a banking institution, subsequently presented to Friendly, and ultimately dishonored and returned to Friendly as a "DUPLICATE PRESENTMENT." In his merits brief, plaintiff concedes he "has no reason to dispute as a matter of fact[] Rivera's dishonored check was originally paid and subsequently returned to Triffin's assignor as a duplicate," which is what the trial judge found.

Plaintiff faults the judge for finding immaterial the issue of whether Rivera had endorsed the check. That argument is without merit. The judge noted, as Fernandez testified, defendants' copy of the check appears to have a signature. Moreover, the judge relied on SHS Group, 466 N.J. Super. at 469, in which we held a "customer's indorsement" of a check is "immaterial" when the customer electronically deposits the check.

Plaintiff also faults the judge for admitting into evidence defendants' copy of the check and for basing her decision, in part, on that copy. "We defer to a trial court's evidentiary ruling absent an abuse of discretion." State v. Garcia, 245 N.J. 412, 430 (2021). We do so because "[t]he decision to admit or exclude evidence is one firmly entrusted to the trial court's discretion." State v. Gonzalez, 249 N.J. 612, 633 (2022) (quoting State v. Scott, 229 N.J. 469, 479 (2017)). "Under that deferential standard, we review a trial court's evidentiary ruling only for a 'clear error in judgment.'" State v. Medina, 242 N.J. 397, 412 (2020) (quoting Scott, 229 N.J. at 479 (2017)). The trial court's ruling should not be disturbed unless it was "so wide [of] the mark that a manifest denial of justice resulted," DiFiore v. Pezic, 254 N.J. 212, 228 (2023) (quoting Rowe v. Bell & Gossett Co., 239 N.J. 531, 551-52 (2019)).

We perceive no abuse of discretion in the judge's decision to admit defendants' copy of the check into evidence and no error in her consideration of that copy. Triffin contends the judge disregarded the Supremacy Clause of the Constitution by admitting into evidence defendants' copy of the check. He bases that argument on 12 U.S.C. § 5003(b)(1) to (2), which address when a "substitute check shall be the legal equivalent of the original check" such that it can be used in "the same way you would use the original check." 12 U.S.C. § 5003 was enacted as part of the Check Clearing for the 21st Century Act, Pub. L. No. 108-100, 117 Stat. 1177 (2003). The purposes of that Act were to "facilitate check truncation by authorizing substitute checks," "foster innovation in the check collection system without mandating receipt of checks in electronic form," and "improve the overall efficiency of the Nation's payments system." 12 U.S.C. § 5001(b)(1) to (3). 12 U.S.C. § 5003 addresses the negotiation of checks within the federal banking system; it does not address the admission of evidence at trial.

In asking the judge to admit their copy of the check into evidence, defendants did not seek to negotiate their copy as the original check, engage in check truncation or in our "Nation's payments system," or otherwise use the copy as a "substitute check" for "the original check." They submitted it as evidence of their previous-payment defense. Pursuant to N.J.R.E. 401, evidence is

relevant if it has "a tendency in reason to prove or disprove any fact of consequence to the determination of the action." See also Rodriguez v. Wal-Mart Stores, Inc., 237 N.J. 36, 58 (2019) (evidence has probative value if it tends "to establish the proposition that it is offered to prove"). Based on that standard, the judge did not abuse her discretion in admitting and considering defendants' copy of the check as evidence of the previous-payment defense.

Moreover, even without defendants' copy of the check, the judge had sufficient evidence to conclude defendants had proven their defense. She had plaintiff's copy of the check, which clearly indicates the check plaintiff had purchased from Friendly was a "DUPLICATE" that had been returned because it was a "DUPLICATE PRESENTMENT" and was not to be redeposited. And the judge heard the testimony of Fernandez, Friendly's custodian of records and plaintiff's witness, who described defendants' copy of the check as "the check that was cashed remotely via the payee" and confirmed a signature appeared on the copy of the back of the check. In reaching her decision, the judge reasonably relied on evidence presented at trial indicating the check was paid, meaning defendants were entitled to their previous-payment defense.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-2751-21